IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 16, 2026

## RUSS HARDEN v. PRICILLA HILL HARDEN

**Appeal from the Chancery Court for Decatur County**
**No. 26-1554  Vicki Hodge Hoover, Chancellor**

———————————————————

**No. W2026-00913-COA-T10B-CV**

———————————————————

Appellant filed a petition for accelerated interlocutory appeal seeking recusal of the trial judge under Tennessee Supreme Court Rule 10B. Because it appears that a written motion to recuse was only lodged with the trial court and because the trial court never entered an order on the written motion, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

WILLIAM E. PHILLIPS II, J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Russ Harden, Decaturville, Tennessee, Pro Se.

Jack Saunders Hinson, Lexington, Tennessee, for the appellee, Pricilla Hill Harden.

## OPINION

Appellant, Russ Harden, is the defendant in a divorce action. Much of Appellant's petition for a Rule 10B accelerated interlocutory appeal focused on what he described as a conspiracy to endanger his children that involved his wife, her attorney, a local assistant district attorney, Appellant's former attorney, and various other local and state officials. One official who was not alleged to be involved in the conspiracy was the trial judge.

Appellant's petition alleged that he attempted to file a document titled "Defendant's Answer, Emergency Motion to Disqualify Counsel, and Motion for Recusal and Change of Venue," but that the court clerk "actively refused to scan or enter" the document in "the electronic case docket." According to the petition, the court clerk lodged[1] the document by "leaving [it] as un-docketed [sic] 'loose papers' in the physical folder" and refused to file

---

[1] To "file" a legal document is to deliver it to the court clerk to be placed "in the official record." File Black's Law Dictionary (12th ed. 2024). Conversely, "[a] document not suitable for filing will normally be stamped 'lodged' and placed in the court file but not included in the record on appeal." Id.

it, allegedly to "insulate[]" it from review by the trial judge thereby "prevent[ing] an investigation into systemic local corruption." As there is no record before us, we are unable to verify Appellant's allegations. We can, however, verify that no order denying Appellant's motion to recuse was attached to his Rule 10B petition.

Like the petition before this Court, much of the document dealt with the alleged conspiracy to endanger Appellant's children. Appellant alleged in the document that "the local judicial system was thoroughly compromised" due to "systemic conflict[s] of interest and local bias," referencing "a severe legal matter" that occurred in 2021 and required assignment of "an outside, neutral prosecutor to protect the integrity of the proceedings." Appellant moved for the "immediate recusal of the local judiciary" near the end of the document without naming the trial judge.

The only reference to judicial disqualification or recusal contained in the petition before this Court was Appellant's request that this Court mandate the trial judge to "review and issue a formal written ruling on the pending" motions contained in the document that was attached to Appellant's petition. This further highlights that there is no written order from the trial court, at least at the time Appellant filed his accelerated appeal, addressing the recusal motion which could be attached to the petition.

Tennessee Supreme Court Rule 10B governs the procedure for motions seeking to disqualify or recuse a trial judge. Rule 10B requires the party seeking disqualification or recusal to file a written motion along with a supporting affidavit or declaration. Tenn. Sup. Ct. R. 10B, § 1.01. The trial court is required to act promptly on the motion and enter a written order ruling on the motion. Tenn. Sup. Ct. R. 10B, § 1.03. If the motion is denied, the trial court must include its grounds for denying the motion in its written order. Id.

If the trial court "enters an order denying a motion for the [trial] judge's disqualification or recusal," then its ruling "can be appealed in an accelerated interlocutory appeal" to this Court. Tenn. Sup. Ct. R. 10B, § 2.01. The petition for an accelerated interlocutory appeal must be filed "within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. To facilitate our review, the petition must be accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order . . . ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

In a Rule 10B accelerated interlocutory appeal, the only order this Court can review "is the trial court's order denying a motion to recuse." Duke v. Duke, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). When there is no order, "there is nothing for this Court to review." Beach v. Beach, No. M2026-00845-COA-T10B -CV, 2026 WL 1782439, at *4 (Tenn. Ct. App. June 22, 2026) (citing Arnold v. Malchow, No. M2024-00314-COA-T10B-CV, 2024 WL 1092995, at *2 (Tenn. Ct. App. Mar. 23, 2024)). Additionally, "[i]t is well-settled that

the requirements of Rule 10B are mandatory and must be strictly followed." <u>Id.</u> (citing <u>Valderrama v. Hurvitz</u>, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *3 (Tenn. Ct. App. Apr. 17, 2024)).

While we are cognizant that "many pro se litigants have no legal training and little familiarity with the judicial system," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." <u>Hessmer v. Hessmer</u>, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Here, there is no trial court order for this Court to review. Likewise, there was no motion for disqualification or recusal filed in the trial court for it to consider. Nor was there a supporting affidavit or declaration filed in the trial court.[2] Even the document Appellant asserts he lodged in the trial court and attached to his petition before this Court contains only a broad assertion of bias directed at "the local judiciary" rather than the trial judge in this specific matter. For these reasons, we dismiss the appeal.

/s/William E. Phillips II
WILLIAM E. PHILLIPS II, JUDGE

---

[2] Attached to the petition before this Court is an affidavit from Appellant's father, but its contents address an alleged conflict of interest involving the attorney for Appellant's wife.